UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY JEAN MACE, | ) | CASE NO. 1:19CV1502 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF | ) | OPINION AND ORDER |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court on Defendant's Objections[1] (Doc. 22) to the Magistrate Judge's Report and Recommendation (Doc. 19) which recommended the Court reverse the Commissioner's decision to deny Plaintiff's claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). For the following reasons, the Court **ADOPTS** the Report and Recommendation, **REVERSES** the Commissioner's decision and **REMANDS** pursuant to Sentence Four of 42 U.S.C. § 405(g).

**I. BACKGROUND FACTS**

The following is a procedural synopsis of Plaintiff's claim. The Magistrate Judge's Report and Recommendation provides a more complete and detailed discussion

---

[1] Defendant initially filed a Response to the Report and Recommendation, in which he agreed with the Recommendation. (Doc. 20). Defendant soon after moved to withdraw his initial Response (Doc. 21), which the Court **GRANTS** herein.

of the facts. For a complete overview of Plaintiff's medical history, see the Magistrate Judge's Report and Recommendation, which refers to the original Complaint and incorporates all documents in relation to Plaintiff's claim.

On March 1, 2016, Plaintiff filed for DIB and SSI, alleging a disability onset date of January 1, 2013. Plaintiff's claims were denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge which was granted. The ALJ held the hearing on March 15, 2018. Both Plaintiff and a neutral vocational expert ("VE") testified at the hearing. On February 28, 2019, the ALJ concluded that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Commissioner.

On July 1, 2019, Plaintiff timely filed the instant Complaint challenging the Commissioner's final decision, asserting that "there is not substantial evidence to support the decision of the Defendant relative to the Plaintiff's right to receive social security benefits due to disability." (Doc. 1, PageID: 2). On August 14, 2020, the Magistrate Judge issued his Report and Recommendation. (Doc. 19). On September 3, 2020, Defendant objected to the Magistrate Judge's Report and Recommendation. (Doc. 22). Shortly thereafter, Plaintiff responded. (Doc. 23).

## II. LAW & ANALYSIS

### A. Standard of Review

When reviewing a magistrate judge's report and recommendation, a court makes a *de novo* determination regarding the portions to which there are objections. 28 U.S.C. § 636(b)(1). In reviewing the Commissioner's decision however, the district court's review is not *de novo*. *Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010).

Instead, a district court determines whether the Commissioner applied the proper legal standards and whether substantial evidence supports the Commissioner's findings. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

'Substantial evidence' has been defined as "more than a mere scintilla" of evidence, *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003) but less than a preponderance of the evidence. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Thus, if the record evidence is of such a nature that "a reasonable mind might accept it as adequate support" for the Commissioner's conclusion, then the determination must be affirmed. *Wright*, 321 F.3d at 614. If such evidence exists, the district court should defer to the Commissioner's determination "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

A court's role "is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony." *Wright*, 321 F.3d at 614. Rather, courts "focus on whether substantial evidence supports the Commissioner's decision[.]" *Id.* at 615. However, "[a]n ALJ's failure to follow agency rules and regulations 'denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified upon the record.'" *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (quoting *Blakley*, 581 F.3d at 407).

- 3 -

## B.     The ALJ's Decision is Not Supported by Substantial Evidence

The Magistrate Judge found that the ALJ never addressed Plaintiff's subjective complaints of increased forgetfulness. (Doc. 19, PageID: 3508). Because of this omission, the Magistrate Judge could not determine how the ALJ evaluated the symptom. (*Id.*). And the Magistrate Judge found the omission relevant, as the VE testified that if Plaintiff had to have instructions repeated to her twice a day, every day, no work would be available. (*Id.* at PageID: 3509). Accordingly, the Magistrate Judge recommended the Court remand the action for further explanation of Plaintiff's claim of forgetfulness. (*Id.* at 3510).

Defendant objects on three grounds. First, Defendant claims the ALJ did evaluate the allegation of forgetfulness as demonstrated by the ALJ's complete written decision. (Doc. 22, PageID: 3521). Second, Defendant claims the ALJ did not have to address every specific complaint but rather evaluate the evidence as a whole. (*Id.* at 3522). Defendant argues the ALJ did that and his decision should be affirmed. (*Id.*). Finally, Defendant claims that, even if the ALJ did err, any error was harmless. (*Id.*). The Magistrate Judge never completed a 'harmless error' analysis. (*Id.* at 3523). If the Magistrate Judge had done so, he would have determined that any ALJ error was harmless since the final residual functional capacity ("RFC") assessment limited Plaintiff "to simple, routine tasks with no strict time demands." (*Id.*).

All parties agree that, when it comes time to evaluate a claimant's subjective symptoms, an ALJ follows Social Security Ruling 16-3P. This ruling requires an ALJ's decision to "contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, *and be clearly articulated so the*

*individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.*" <u>Soc. Sec. Ruling 16-3p Titles II & XVI: Evaluation of Symptoms in Disability Claims</u>, SSR 16-3P, 2017 WL 5180304, *10 (S.S.A. Oct. 25, 2017) (hereafter, "SSR 16-3P") (emphasis added). The Sixth Circuit has recognized (while interpreting SSR 96-7p, the precursor ruling) the procedural safeguards imposed by SSR 16-3P. *Cox v. Comm'r of Soc. Sec.*, 615 Fed. App'x 254, 259 (6th Cir. June 11, 2015); *see also Rogers*, 486 F.3d at 248 (blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the evidence).

In *Cox*, the claimant appealed the ALJ's treatment of her subjective symptoms. 615 Fed. App'x at 258-59. In reference to claimant's subjective symptoms, the ALJ wrote the following:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

*Id.* at 259-60. The Sixth Circuit in *Cox* realized the potential danger of boilerplate statements like this — it "explains the extent to which the ALJ discredited [Cox's] testimony, but not [the ALJ's] reasons for doing so." *Id.* at 260. The Sixth Circuit then found that the ALJ did not adequately explain why she discredited Cox's testimony and ordered a remand. *Id.* at 261.

Similarly, the ALJ here did not adequately explain his treatment of Plaintiff's forgetfulness. Even though he acknowledged Plaintiff's mental impairments as her

- 5 -

"most significant impairments," the ALJ dedicated just one paragraph to summarizing the evidence, with only a passing mention of Plaintiff's forgetfulness.[2] In the immediate next paragraph, the ALJ's uses similar boilerplate language as in *Cox*:

> Therefore, after careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record.

(Doc. 11, PageID: 89, Tr. 23). The ALJ then turned to medical opinion evidence, noting in some instances that the doctor's opinion was afforded less weight because it was based on Plaintiff's "subjective complaints." (*See e.g.*, *id.*).

Starting with his second objection, Defendant is correct — an ALJ need not discuss every symptom. (*See* Doc. 22, PageID: 3522 (citing *Boseley v. Comm'r of Soc. Sec. Admin.*, 397 Fed. App'x 195, 199 (6th Cir. Sept. 30, 2010)). However, the Court finds that the ALJ needed to address Plaintiff's claim of forgetfulness. Plaintiff made her forgetfulness a central issue to her claim of disability. In closing, Plaintiff's counsel focused on the records pertaining to Plaintiff's neurocognitive disorder. In doing so, counsel highlighted evidence that Plaintiff needs to "have the instructions repeated more" and, while watching television, Plaintiff "can't remember if she's seen a sitcom before." (Doc. 11, PageID: 154, Tr. 88).

In this instance, when the subjective symptom is highlighted repeatedly throughout the hearing, the Court believes the ALJ must address the symptom more

---

[2] Relevant here, the ALJ found that "[t]he evidence indicates that the claimant has symptoms that include mood swings, anxiety and panic attacks, racing thoughts, crying spells, difficulty concentrating, *forgetfulness*, feelings of helplessness, poor sleep, and suicidal thoughts with history of suicide attempt." (Doc. 11, PageID: 88, Tr. 22) (emphasis added).

- 6 -

than he did here. *Compare Forrest v. Comm'r of Soc. Sec.*, 591 Fed. App'x 359, 365 (6th Cir. Nov. 17, 2014) (declining to extend *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004) presumption of error to an ALJ's minimal reasoning at Step Three of the five-step inquiry, *especially when the claimant did not argue at the hearing that he met a particular listing*) (emphasis added).

Next, turning to Defendant's first objection, Defendant argues that the ALJ did in fact address the forgetfulness claim elsewhere in his decision. Defendant highlights the ALJ's discussion of Mr. Spencer's opinion. That discussion, according to Defendant, reflects that the ALJ considered the forgetfulness allegation and dismissed it. (*See generally*, Doc. 22, PageID: 3521-22). The Commissioner in *Cox* made a similar argument — that the ALJ adequately treated Plaintiff's subjective complaints elsewhere in the opinion implicitly. *See* 615 Fed. App'x at 260. The Sixth Circuit in *Cox* rejected this contention. *Id.* at 260-61.

The Court does the same here. The logic of Defendant's argument is faulty. In his decision, the ALJ justified his treatment of opinion evidence based on his treatment of the subjective symptoms. But the Court cannot ascertain tell how the ALJ treated the forgetfulness symptom. Passing reference when discussing Mr. Spencer's opinion does not clarify the matter.

The Magistrate Judge found that "where the ALJ did not properly evaluate [the] underlying subjective complaint, it is necessary for the ALJ to re-evaluate [the] opinion evidence[.]" (Doc. 19, PageID: 3513). The Court agrees, and apparently so does Defendant, as he did not object to this portion of the Magistrate Judge's Report and Recommendation.

Finally, the ALJ's error was not harmless. "[H]armless error analysis applies to credibility determinations in the social security context." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012). "Often the circumstances of the case will make clear to the [] judge that the ruling, if erroneous, was harmful and nothing further need be said." *Shinseki v. Sanders*, 556 U.S. 396, 410 (2009).

Here, the ALJ's error was harmful for two reasons. First, the ALJ violated SSR 16-3P's "procedural safeguard" by failing to explain how he evaluated the symptom. This prohibits any subsequent reviewer —like the Magistrate Judge and the Court — from assessing the treatment of this symptom. Lastly, and most importantly, the VE testified that no competitive work would exist if an employer had to repeat instructions to Plaintiff twice a day, every day. (Doc. 11, PageID: 151, Tr. 85). This testimony "make[s] clear" that the ALJ's neglect "was harmful and nothing further need[s] to be said." *Shinseki*, 556 U.S. at 410.

Accordingly, Defendant's three objections are without merit. The ALJ should have addressed Plaintiff's forgetfulness directly and explained his treatment of that symptom. The ALJ did not adequately do so anywhere in his decision. This failure prevents the Court from assessing how the ALJ evaluated the forgetfulness symptom. SSR 16-3P. And the ALJ's failure to follow SSR 16-3P denotes a lack of substantial evidence. Finally, this error was not harmless because of SSR 16-3P's procedural safeguards and the VE's testimony.

### III. CONCLUSION

Based on the foregoing, the Court finds that Defendant's Objections are without merit. Therefore, the Magistrate Judge's Report and Recommendation (Doc. 19) is

**ADOPTED** and the Commissioner's denial of Plaintiff's claim is **REVERSED**.  The matter is **REMANDED** in accordance with the Report and Recommendation and this Opinion.

  **IT IS SO ORDERED.**

               s/ Christopher A. Boyko
               **CHRISTOPHER A. BOYKO**
               **Senior United States District Judge**

**Dated: November 30, 2020**